Edward A. PIELEMEIER and Edward A. Pielemeier as Executor of the Estate of Marion A. Pielemeier, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Robert E. PIELEMEIER and Arlene M. Pielemeier, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 74–3150, 74–3151.

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1976.

---

McGee Grigsby (argued), of Latham & Watkins, Los Angeles, Cal., for plaintiffs-appellants.

Ernest J. Brown, Atty. (argued), Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BROWNING, BARNES and DUNIWAY, Circuit Judges.

PER CURIAM:

In these consolidated appeals, taxpayers assert error in the judgment rendered by the District Court on June 25, 1974, in favor of the government, in a refund suit against the government for taxes allegedly overpaid. The facts are not in dispute.

The district court stated, "The issue is whether, in computing earnings and profits, plaintiffs can take advantage of the Section 1248(d)(2) exclusions without taking into account the recapture of depreciation provisions of Section 1245." Title 26, U.S.C., Internal Revenue Code, Adopted 1962.

The facts in these cases are the same in all respects as the facts in *Brigham v. United States,* 3 Cir., 1976, 539 F.2d 1312, except for the names of the plaintiff stockholders, the amount of stock in the foreign corporation that they own, and the amount of the refund claim involved. The federal question presented is identical to that in *Brigham.* In the cases at bar, the trial court ruled against the taxpayers: So did the Third Circuit in *Brigham, supra.* For the reasons stated in Judge Van Dusen's opinion in *Brigham,* we affirm.

The motion of the taxpayers in No. 74–3150 to correct computation of tax may be filed and is denied. It is much too late in the life of the case to permit taxpayers to revive a claim for relief that, by stipulation, dropped out of the case long ago.